MATTER OF FARJAM

In Deportation Proceedings

A-24023594

*Decided by Board December 19, 1980*

Where respondent, a national of Iran, moved to reopen, motion granted in light of Service policy of December 4, 1980, not to oppose reopening to apply for asylum.

CHARGE:
Order:   Act of 1952—Sec. 241(a)(2) [8 U.S.C. 1251(a)(2)]—Nonimmigrant—remained longer than permitted

ON BEHALF OF RESPONDENT:
Donald Lindover, Esquire
233 Broadway
New York, New York 10007

ON BEHALF OF SERVICE:
Daniel Meisner
Trial Attorney

Gerald S. Hurwitz
Appellate Trial Attorney

BY:   Milhollan, Chairman; Maniatis, Appleman, and Maguire, Board Members

In a decision dated January 16, 1980, the respondent, a native and citizen of Iran, was found deportable under section 241(a)(2) of the Immigration and Nationality Act, 8 U.S.C. 1251(a)(2), as a nonimmigrant who had remained in the United States for a longer time than permitted.[1] He was granted voluntary departure until July 15, 1980, but failed to depart as required. A Warrant of Deportation was issued on July 17, 1980 and October 24, 1980, the respondent submitted a motion to reopen for the purpose of applying for political asylum. The motion was subsequently denied by an immigration judge on November 3, 1980. The respondent has appealed that decision. The appeal will be sustained and the record remanded.

In a memorandum to the Chief of the Justice Department's General Litigation and Legal Advice Section, Criminal Division, dated December 4, 1980, the Deputy General Counsel of the Immigration and Naturalization Service stated that: "The Service has now determined

---

[1] At the deportation hearing, held on January 16, 1980, the respondent admitted the factual allegations contained in the Order to Show Cause, conceded deportability, and designated Iran as the country of deportation.

that it will not oppose motions to reopen to apply for asylum submitted by Iranian nationals."

In response to the motion to reopen in the instant case, the Appellate Trial Attorney has stated that: "Pursuant to the Service policy outlined in the December 4, 1980, memorandum from Paul W. Schmidt, Deputy General Counsel to Lawrence Lippe, Chief of the Justice Department's General Litigation and Legal Advice Section, Criminal Division, we do not oppose the reopening of this case for the purpose of applying for political asylum."

Accordingly, in recognition of the Service's policy, set forth above, the appeal will be sustained, the motion to reopen granted, and the record remanded to permit the respondent to apply for political asylum.

ORDER: The appeal is sustained. The proceedings are reopened, and the record is remanded to the immigration judge for reconsideration of the respondent's application for political asylum.